Case 6:21-cv-00013   Document 18   Filed on 09/28/21 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
September 28, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ALEX DAVILA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 6:21-CV-13 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION**

Petitioner, Alex Davila (#02211913), is a Texas state prisoner currently incarcerated in the Powledge Unit of the Texas Department of Criminal Justice, Institutional Division in Palestine, Texas. Proceeding *pro se*, he filed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 10, 2021 challenging his 2018 Victoria County convictions for aggravated sexual assault of a child and indecency with a child.[1] (D.E. 1). Respondent filed a Motion for Summary Judgment with Brief in Support on August 13, 2021 to which Petitioner filed a response on August 23, 2021. (D.E. 16 and D.E. 17). For the reasons stated below, it is respectfully recommended that Respondent's Motion for Summary Judgment be **GRANTED** and Petitioner's claim for habeas corpus relief be **DISMISSED**. (D.E. 16).

---

[1] The petition was signed on February 10, 2021 and received by the Court on March 22, 2021. *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) (A *pro se* prisoner's "habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing.")

**I.     JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254. A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000). Jurisdiction is proper in this Court because Petitioner was convicted in Victoria County, Texas, which is within the Southern District of Texas. 28 U.S.C. § 124(b)(5); 28 U.S.C. § 2241(d); *Wadsworth*, 235 F.3d at 961. This case has been referred to the undersigned pursuant to 28 U.S.C. § 636.

**II.    BACKGROUND**

On June 7, 2018, after a jury trial, Petitioner was convicted of (1) aggravated sexual assault of a child younger than 14 years of age; (2) indecency with a child by contact and (3) indecency with a child by exposure in the 377th District Court of Victoria County, Texas, Case Number 17-02-29878, and sentenced to life imprisonment.[2] (D.E. 12-1, Pages 84-86 and 105-106 and D.E. 12-8, Pages 58-59 and 135-138). Petitioner's conviction was affirmed by the Thirteenth Court of Appeals on July 18, 2019. *Davila v. State*, No. 13-18-00298-CR, 2019 WL 3227263, at *4 (Tex. App.–Corpus Christi-Edinburg July 18, 2019, no pet.); (D.E. 12-13 and D.E. 12-14). Petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals ("TCCA"). *Id.*; (D.E. 1, Page 3). Petitioner filed an application for a state writ of habeas corpus on

---

[2] Petitioner's sentence was enhanced as the jury found Petitioner was a habitual felony offender. (D.E. 12-1, Pages 91-94 and 97-99).

May 18, 2020 and it was denied without written order on December 23, 2020. (D.E. 12-16, Page 52 and D.E. 12-17, Page 1).  Petitioner signed the pending federal habeas petition on February 10, 2021 and it was received by the Court on March 22, 2021.  (D.E. 1, Pages 1 and 10).[3]

### III.   APPLICABLE LEGAL STANDARDS

#### A.   Summary Judgment

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  Once the movant presents a properly supported motion for summary judgment, the burden shifts to the non-movant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000).

Generally, Rule 56 of the Federal Rules of Civil Procedure, which governs summary judgment procedure, applies with equal force to federal habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted); *see also* Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus…").  However,

---

[3]Timeliness is not an issue as the petition was received by the Court on March 22, 2021, one day prior to the expiration of the one-year limitations period.  28 U.S.C. § 2244 (Antiterrorism and Effective Death Penalty Act ("AEDPA") which establishes that the one-year statute of limitations period runs, in relevant part, from the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review and tolling this period during the time a petitioner properly files for state post-conviction writ review); *Butler v. Cain*, 544 F.3d 314, 317 (5th Cir. 2008) (30-day period for seeking discretionary review); Tex. R. App. P. 68.2 (same).

Rule 56 applies only to the extent that it does not conflict with the federal rules governing habeas proceedings. *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke,* 542 U.S. 274 (2004). Accordingly, § 2254(e)(1), mandating that a state court's findings are presumed to be correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the non-movant. *Smith*, 311 F.3d at 668. Unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court. § 2254(e)(1); *Id*.

### B. Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. §2254

Federal habeas corpus petitions are governed by the AEDPA. Relief shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) & § 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993). Under AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

(a) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(b) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on

a question of law or if the state court decides a case differently than the Court on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies the principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). Although "unreasonable" is difficult to define, the Court noted it is an objective, rather than subjective, standard and emphasized that there is a critical difference between an unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001) (citing *Williams*, U.S. 362 at 412-13).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A federal habeas court must determine what theories or arguments supported, or could have supported, that state court's decision. If a decision by a state court is silent as to the reasons for the denial, a federal habeas court can "look through" the decision and evaluate the last reasoned state court decision. *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999).[4] Then, the federal habeas court must ask whether it is possible that fair minded jurists could disagree that the arguments

---

[4] The TCCA has explained a "denial" signifies the Court addressed and rejected the merits of a particular claim while a "dismissal" means the Court has declined to consider the claim for reasons unrelated to the claim's merits. *Bledsue*, 188 F.3d at 257 (citing *Ex parte Thomas,* 953 S.W.2d 286, 289 (Tex. Crim. App. 1997)).

or theories are inconsistent with the holding in a prior decision of the Supreme Court. *Richter*, 562 U.S. at 101-02. Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *Id*. (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

This standard is very difficult to meet. "As amended by AEDPA, § 2254(d) stops short of the imposing a complete bar on federal court litigation of claims already rejected in state proceedings…It preserves authority to issue the writ in cases where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further." *Richter*, 562 U.S. at 102. "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Id*. at 103.

A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006). This deference extends not only to express findings of fact, but to the implicit findings of the state court. *Id*. In addition, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 784.

**IV.   PETITIONER'S ALLEGATIONS OF ERROR[5]**

Petitioner's convictions involve JL who during the time at issue in 2016 was ten years old. (D.E. 12-13, Page 2). At Petitioner's trial, Rebecca Lynn Luna as well as Mary Dalton Hidalgo, the mother of two of Petitioner's children, both testified Petitioner sexually assaulted Luna in 1992 when Luna was approximately ten years old. (D.E. 12-7, Pages 114-43 and 145-173 ).[6] Hildago further testified Petitioner sexually assaulted another female child named Tanya, also age 10, in 1992. (D.E. 12-7, Page 171).[7]

---

[5] A summary of the case is contained in the Memorandum Opinion of the Thirteenth District of Texas Court of Appeals and cited in Respondent's brief and therefore, need not be repeated here. *Davila,* 2019 WL 3227263, at *4. Tex. App.–Corpus Christi-Edinburg July 18, 2019, no pet.); (D.E. 12-13 and D.E. 16, Pages 4-5).

[6] Luna testified Petitioner, while they were both in the living room, put his hand inside her underwear and rubbed for several minutes with his other hand in his own pants. (D.E. 12-7, Pages 133-35). Luna further testified Petitioner stopped when Hildago came into the room, saw what he was doing and began screaming, cursing and yelling at Petitioner. (D.E. 12-7, Page 136). Luna testified she and her mother spoke with police but there was no trial. (D.E. 137-38).

Hildago testified she was 17 years-old when she began her relationship with Petitioner, who was 32 or 33, and had two children with him by the age of 18, 10 ½ months apart. (D.E. 12-7, Pages 146-48). Hildago testified Luna stayed with them for three days in 1992. (D.E. 12-7, Pages 151-52). She then testified during this time she came into the living room and saw Petitioner with Luna in his lap with "his hands down her pants and fondling her." (D.E. 12-7, Page 156). Hildago testified his other hand was inside Luna's shirt. (D.E. 12-7, Page 157). She also testified she asked him what he was doing and cursed him out. (D.E. 12-7, Page 158). Hildago also testified Petitioner was indicted and arrested on two counts of indecent liberties with a child, a neighbor posted his bond and she and Petitioner then fled the state. (D.E. 12-7, Pages 164, 169, 170-71). She further testified during this time Petitioner admitted he had performed sexual acts with a 10 year-old named Tanya, the stepdaughter of the man who had posted his bail. (D.E. 12-7, Page 171). Hildago testified she left Petitioner later in 1992 and returned home. (D.E. 12-7, Page 173).

[7] Prior to allowing their testimony, the Court held hearings without the jury present to determine whether the Court would allow their testimony. Both women testified the same as their trial testimony during these hearings. (D.E. 12-6, Pages 16-36; 39-45; 197; 207-08; 213-14; 219; 223-25; and 229-31). The Court determined both Ms. Luna's and Ms. Hildago's testimony "has

In his one ground for relief, Petitioner asserts the trial court erred in permitting their testimony of his unadjudicated, extraneous offenses.[8] Respondent notes this claims was rejected on direct appeal and argues relief is not available because the admissibility of evidence is a question of state law. The undersigned recommends Petitioner's argument is without merit, as discussed below.

## V. DISCUSSION

Petitioner's claim concerns an evidentiary ruling based on state law. Such claims concerning a state court's evidentiary rulings are not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law" and therefore, a claim that evidence was improperly admitted is rejected) (citations omitted). "[I]t is not the province of a federal habeas court

---

bearing on relevant matters and the likelihood of prejudice [did] not substantially outweigh the probative value" of their testimony. (D.E. 12-6, Pages 136-37 and D.E. 12-7, Page 7).

[8]Petitioner alleges evidentiary errors without citing to directly to the trial record. However, Petitioner titles his one ground for relief as "5th Amendment 'Actual Innocence'/Unadjudicated 'bad acts' prejudicial and not charged in Indictment 17-02-29878-D," asserting the "unadjudicated offenses from 1986, 1992" were not legally relevant. (D.E. 1, Page 6). Petitioner further asserts the admission of "hearsay evidence of alleged offenses…from 1986, 1992" was illegal because they were "not charged" and the probative value did not substantially outweigh the danger of unfair prejudice. (D.E. 1, Page 7).

Further, in his response to the pending Motion, Petitioner asserts there were no indictments for any felony convictions for offenses committed in 1986 and 1992 and he "is by law innocent unless found guilty in court." (D.E. 17, Page 2). He then argues hearsay testimony was inadmissible and "clearly prejudiced and violated 5th Amendment (Direct Appeal at Pg. 15)," distracting the jury from the indicted offenses. (D.E. 17, Page 2). In support of his argument, Petitioner cites to the arguments raised in the State's Brief on the Merits during Petitioner's direct appeal where the admission of both Luna and Hildago's testimony is discussed. (D.E. 12-12, Pages 14-15 and 26-27 and D.E. 17, Pages 4-7). Therefore, it is clear to the undersigned that in the pending Petition, Petitioner is again objecting, as he did in both his direct appeal and in his state habeas application, to the trial court's admission of their testimony.

to reexamine state-court determinations on state-law questions." *Id*. (Whether evidence was properly admitted is examined by a federal habeas court solely as to whether the admission violated petitioner's federal constitutional rights). Therefore, "federal courts sitting in habeas do not review state courts' application of state evidence law." *Jones v. Cain*, 600 F.3d 527, 536 (5th Cir. 2010) (A federal habeas court correctly assesses "whether the state court's application of state evidence rules violate[s] [a petitioner's] constitutional rights.") (citations omitted); *Little v. Johnson*, 162 F.3d 855, 862 (5th Cir. 1998) ("In habeas actions, this court does not sit to review the mere admissibility of evidence under state law.") (citation omitted).

However, a federal habeas petitioner may prevail on a claim of trial court evidentiary error if the alleged error was "so extreme that it constituted denial of fundamental fairness." *Prystash v. Davis*, 854 F.3d 830, 840 (5th Cir. 2017) (citation omitted); *Bailey v. Procunier*, 744 F.2d 1166, 1168 (5th Cir. 1984) (Relief is warranted "only when the trial judge's error is so extreme that it constitutes a denial of fundamental fairness under the Due Process Clause.") (citations omitted). To warrant relief, the trial court's error must have "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 630-33 (1993) (citation omitted).

Petitioner does not establish Luna or Hildago's testimony was inadmissible under state law or the trial court erred in any way having a substantial and injurious effect or influence on the verdict. Article 38.37 of the Texas Code of Criminal Procedure provides for the admission of extraneous evidence of prior sexual offenses against children other

than the victim of the alleged offense in cases involving sexual abuse of a child. In relevant part, § 2(b) provides that, notwithstanding Rules 404 and 405 of the Texas Rules of Evidence, "evidence that the defendant has committed a separate offense" of sexual assault against a child or indecency with a child may be admitted during a trial on the same "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." Before the admission of this evidence, the trial judge must conduct a hearing out of the presence of the jury to determine if "the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt." *Id*. §2-(a)(1) and (2).

The State of Texas gave notice to Petitioner's counsel that both Luna and Hildago would be testifying at trial, the trial judge held hearings outside of the presence of the jury regarding their testimony and determined both Ms. Luna's and Ms. Hildago's testimony "has bearing on relevant matters and the likelihood of prejudice [did] not substantially outweigh the probative value" of their testimony. (D.E. 12-6, Pages 136-37 and D.E. 12-7, Page 7). Further, the trial court entered the following limiting instruction:

> The defendant is on trial solely on the charges contained in the indictment. In reference to evidence, if any, that the defendant has previously participated in transactions or acts, other than, but similar to that which is charged in the indictment in this case, you are instructed that you cannot consider such other transactions or acts involving Indecency with a Child or the Aggravated Sexual Assault of a Child, if any, for any purpose unless you find and believe beyond a reasonable doubt that the defendant participated in such transactions or committed such acts, if any; and even then you may only consider the same for the purpose of any bearing the evidence of such transactions or acts have on relevant matters, including the

> character of the defendant and acts performed in conformity with the character of the defendant.

(D.E. 12-1, Page 81).

The intermediate state court of appeals addressed Petitioner's claim finding Luna and Hildago's testimony was "particularly probative to the State's case" because of the similarities between Luna's and JL's testimony. (D.E. 12-13, Page 6). The state court of appeals considered the various Rule 403 balancing factors, finding the testimony was needed to corroborate JL's testimony, the "trial court could have reasonably determined that the similarities between the extraneous offenses and the charged offenses strengthened the probative force of the testimony" and, as to the acts having occurred in 1992, a "remote act of sexual assault to a child does not inherently render the evidence inadmissible." (D.E. 12-13, Pages 6-8). The state court of appeals affirmed the conviction, determining the trial court did not abuse its discretion by admitting the testimony at issue because the trial court "could have reasonably concluded that the probative force of the evidence outweighed the danger of unfair prejudice, confusion of the issues, and other countervailing factors." (D.E. 12-13, Page 8). The TCCA also denied Petitioner's state habeas petition raising the same arguments. (D.E. 12-16, Page 52 and D.E. 12-17, Page 1).

The undersigned recommends Petitioner has failed to establish the challenged testimony was inadmissible under state law or that the admission of the challenged evidence so infused "the trial with unfairness as to deny due process of law." *Estelle*, 502 U.S. at 75. Further, Petitioner makes the same conclusory allegations to those raised in

his state habeas application, which was denied by the TCCA on the merits. He makes no substantive argument that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Further, the undersigned does not find any basis in the record for such arguments. Therefore, Petitioner fails to meet his burden under AEDPA that there was no reasonable basis for the state court to deny relief. *Richter*, 526 U.S. at 98 ("Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.")

## VI. RECOMMENDATION

For the reasons stated above, the undersigned respectfully recommends Respondent's Motion for Summary Judgment be **GRANTED** and Petitioner's claim be **DISMISSED**. (D.E. 16).

Respectfully submitted this 28th day of September, 2021.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).